IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br><br>MARC YATES (01),<br><br>Defendant. | Case No. 15-40063-01-DDC |

MEMORANDUM AND ORDER
ON MOTION TO TERMINATE SUPERVISED RELEASE

Defendant Marc Yates has moved to terminate his term of supervised release (TSR) before its five-year term expires. *See* Doc. 127. In short form, the court imposed a TSR lasting five years. Mr. Yates began his TSR on November 29, 2019—so he's about 40 months into his 60-month TSR. The United States opposes the current motion (Doc. 129), noting that this case's conviction represents defendant's third felony drug conviction that made him a career offender. *See* Doc. 94 at 12 (¶ 45). Also, the court revoked the TSRs in both of Mr. Yates's earlier convictions. *See id.* at 17, 18 (¶ 62, his 2000 crack cocaine conviction) & ¶ 65 (2008 cocaine base conviction); *see also* Revocation Judgment, *United States v. Yates*, No. 07-40122-DDC (D. Kan. Dec. 22, 2016), ECF No. 54. The court also notes that Mr. Yates received a substantially below Guidelines custody sentence in this case, and he has demonstrated a capacity for taking flight from law enforcement officers—at times, his flight endangered innocent members of the public. *Id.* at 15–16 (¶¶ 57–58).

In contrast, Mr. Yates's conduct during the current TSR is demonstrably improved. The government reports that he is "crime free" during his term on supervision in this case, Doc. 129

at 3, and he has completed substantial programming designed to improve himself.  *See* Doc. 127-1.  Like the government, the court "is encouraged with the defendant's progress[.]"  Doc. 129 at 3.

The court enjoys substantial discretion when it decides whether to terminate a TSR earlier than its natural expiration.  *See* 18 U.S.C. § 3583(e)(1).  The controlling statute directs the sentencing court to decide whether early termination "'is warranted by the conduct of the defendant released and the interest of justice.'"  *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (quoting 18 U.S.C. § 3583(e)(1)).  After considering the factors identified in § 3553(a), the court concludes that those factors, on balance, don't favor early termination.  While it is something of a close call, the history and circumstances cited in this Order simply won't support that outcome.  Nonetheless, the court hopes that Mr. Yates will continue his positive trend and, if he does, will consider a renewed motion once he has completed four years of supervision.

**THEREFORE,** it is hereby ordered that defendant Marc Yates's Motion for Early Termination of Supervised Release (Doc. 127) is denied for reasons explained in this Order.

**IT IS SO ORDERED.**

**Dated this 1st day of May, 2023, at Kansas City, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**